UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Giovanny Fernando Mugliza Castillo,

    *Petitioner*,

  v.

Todd Lyons et al.,

    *Respondents*.

No. 25-cv-16219 (MEF)

**ORDER**

\* \* \*

The Petitioner is detained in the custody of federal immigration officials in New Jersey, see Petition for a Writ of Habeas Corpus ("Petition") (ECF 1) ¶ 1, and alleges that he is not being permitted to seek bond, under the authority of a September 2025 Board of Immigration Appeals decision. See id. ¶¶ 4-5.

The BIA decision, see Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025), rests mainly on the idea that immigration detainees situated like the Petitioner are detained under 8 U.S.C. § 1225(b)(2)(A) (which does not generally allow for bond applications), not under 8 U.S.C. § 1226(a) (which sometimes does).

The Respondents do not meaningfully contest the allegation that the Petitioner is being detained under § 1225(b)(2)(A).

But as a matter of plain-text reading, it is § 1226(a) that applies to people situated like the Petitioner, not § 1225(b)(2)(A).[1]

That means the Petitioner's current detention under § 1225(b)(2)(A) amounts to detention in violation of the laws of the United States, and he is therefore entitled to habeas

---

[1] More than 20 federal courts have landed on essentially that conclusion.  See Petition ¶ 36 (collecting cases).

relief.

What that relief might ultimately be is unclear. But at a minimum, it includes this: the Petitioner shall be treated by the Respondents as detained under § 1226(a).

The Respondents shall file a letter on October 17 before 3:00pm, indicating whether the Petitioner has been afforded a § 1226(a) bond hearing and if not why not. In light of this Order, the Court need not, for now, reach the Petitioner's requests for additional relief.

IT IS on this 10th day of October, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.